## CIRCUIT COURT OF THE CITY OF RICHMOND

Vivian Latney

v.

William L. Lukhard, etc., et al.

November 20, 1986

Case No. N-2459-1

By JUDGE MELVIN R. HUGHES, JR.

In this case plaintiff's motion for judgment is tested by demurrer.

Plaintiff, a welfare recipient, seeks declaratory and permanent injunctive relief on the ground the defendants, the Commissioner of the Department of Social Services and members of the State Board of Social Services, have failed to adopt reasonable standards of need. Plaintiff alleges defendant declared her ineligible to receive welfare benefits as of January, 1985, for a period of 16½ months due to her receiving $5,000.00 as net proceeds from the settlement of a personal injury claim arising out of an automobile accident. Having spent the $5,000.00 on past due obligations and immediate needs and without any income during the 16½ months, plaintiff is without income to pay household and personal expenses for her family of four, according to the Motion for Judgment.

In October 1985, this Court enjoined defendants from denying plaintiff benefits for a period of sixty days. The injunction automatically dissolved in December 1985, as plaintiff's application for continued benefits was accepted. At issue now is plaintiff's rights, if any, to retroactive Aid to Dependent Children and medical benefits for the period of January 1985 to July 1985.

Defendant in its demurrer states this Court is without jurisdiction because plaintiff has failed to comply with the Administrative Process Act, § 9-6.14-1, et seq., Code of Virginia of 1950, as amended, and Part Two A of the Rules of the Supreme Court. Further, defendant demurs on the ground plaintiff's action is barred by sovereign immunity and on the ground § 63.1-110, the section which plaintiff relies on as requiring defendant to establish a reasonable standard of need, has no basis for the relief plaintiff requests.

First, I agree with plaintiff; the Administrative Process Act and Part Two A of the Rules of the Supreme Court do not govern these proceedings. These laws do not condition plaintiff's access to court under the circumstances as: (1) this case does not involve an appeal from an agency decision on fact questions now being questioned on grounds of adequacy at law and (2) the case does not challenge the adoption of any regulation such as to require plaintiff to first comply with procedurally mandated steps, since the regulation involved did not affect plaintiff until after the appeal time from the date of adoption had run. This case is proper for declaratory judgment disposition under the Virginia Declaratory Judgment Act.

Second, actions by welfare recipients like this one are not barred by sovereign immunity, *Brown v. Lukhard*, 229 Va. 316 (1985), *Fink v. Ritchie*, 222 Va. 830 (1981). *Brown*, like this case, was a declaratory judgment proceeding in equity brought by welfare recipients challenging departmental regulations. While in *Fink*, the comptroller of the Commonwealth was named, and the plaintiff followed the procedure for disallowing a claim prior to suit pursuant to § 8.01-192 -- things defendants urge plaintiff here should first do -- *Fink* involved a claim for recoupment of general relief payments from supplemental security income payments without a request for declaratory relief.

Third, defendants argue § 63.1-110 had nothing to do with "standard of need," the term plaintiff bases her action on, but rather sets out "amount of assistance," a different concept factually and legally. These distinctions while possibly valid cannot be determined at this stage of the proceedings, on demurrer, according to familiar principles, given that we have to accept the allegations as established.

Accordingly, the demurrer is overruled. I have entered an order carrying this out, a copy of which is enclosed, which notes therein defendant's exceptions. The order provides for the filing of responsive pleadings within ten days of November 24, 1986.